IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BILLY N. HAMMOCK, | ) |
| Plaintiff, | ) |
| v. | ) CV 109-136 |
| TYRONE YOUNG, Deputy, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Augusta-Richmond County Law Enforcement Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

I.  **BACKGROUND**

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff has filed the above-captioned case against: (1) Ronald Strength, Sheriff of Richmond County, (2) Tyrone Young, Deputy at the Richmond County Jail ("the Jail"), and (3) FNU Garganeous, Deputy at the Jail. (Doc. no. 1, pp. 1, 4). Plaintiff's complaint alleges a claim of excessive force by Defendants Young and Garganeous.

Plaintiff alleges that on February 12, 2008, he was arrested and taken to the Jail. (Id. at 5). He alleges that Defendant Young took Plaintiff to a holding cell and that when Plaintiff walked into the cell, Defendant Young hit him from behind. (Id.). Plaintiff then alleges that Defendant Garganeous began helping Defendant Young beat Plaintiff. (Id.). Plaintiff maintains that Defendants Young and Garganeous beat Plaintiff to the point of breaking bones in his face, resulting in Plaintiff having a "sunken-in" bone hole on his right cheek area. (Id. at 5, 7). Additionally, Plaintiff believes that as a result of the beating, he developed a "brain hemorrhage" that was later detected. (Id. at 8). According to Plaintiff, this "brain hemorrhage" manifested itself in a "mental health pattern" that caused Plaintiff to behave erratically. (Id. at 10).

More specifically, Plaintiff acknowledges that he bonded out of jail after the alleged beating. (Id. at 8). He maintains that upon his release he went to the hospital, where a doctor prescribed Plaintiff some muscle relaxers and antibiotics. (Id.). Plaintiff indicates that he had the prescriptions filled the next day. (Id.). However, on his way home from having the prescriptions filled, he "encountered" a road block. According to Plaintiff he was arrested again, presumably because he had the pills. (Id.). Plaintiff maintains that sometime

2

thereafter, while incarcerated, he managed to "get away" to his family's house, but on the next day, the Burke County Sheriff "caught and carried" Plaintiff back to jail. (Id. at 9). Then, approximately four or five weeks later, Plaintiff states that while at "yard call" he scaled the fence and again escaped. (Id.). He maintains that he stole a car and was going to Charlotte, North Carolina. (Id. at 9-10). Plaintiff acknowledges that he was attempting to elude the North Carolina State Troopers; however, Plaintiff claims that the State Troopers "wrecked" him. (Id. at 10). As a result of the accident, Plaintiff suffered a broken neck, back, left femur, hip, and ribs. Plaintiff maintains that his right side was completely paralyzed. (Id.). It was at this time that his "brain hemorrhage" was discovered. Plaintiff, despite all of the injuries he received from his car accident, is adamant that the cause of the "brain hemorrhage" was the alleged beating by Defendants Young and Garganeous that occurred in February of 2008. (Id.). Plaintiff seeks compensatory and punitive damages. (Id. at 6).

## II.     DISCUSSION

*Liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that his complaint fails to state a claim for relief against Defendant Strength. That is, while Plaintiff names this Defendant in the caption, he does not assert any allegations of wrong doing regarding Defendant Strength in his statement of claims. In fact, Plaintiff does not mention Defendant Strength anywhere in his statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."

3

LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between any actions of Defendant Strength with any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against him. As such, Defendant Strength should be dismissed on that basis alone.

To the extent that Plaintiff may be trying to blame Defendant Strength for the acts of his subordinates regarding the alleged beating, his claim fails. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated

4

in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged any facts against Defendant Strength, let alone that he actually participated in any purported constitutional violation.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Strength and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that Defendant Strength knew about any widespread abuse or that he was responsible for a custom or policy which resulted in an alleged violation of Plaintiff's

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

Constitutional rights. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Strength.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Strength be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED on this 18th day of December, 2009, at Augusta, Georgia.

_W. LEON BARFIELD_
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Young and Garganeous based on Plaintiff's claim of excessive force.