IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BILLY N. HAMMOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-136 |
| ) | |
| FNU GARGANEOUS, Deputy, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's failure to respond to the Court's Order directing him to show cause why Defendant Young had not been served. (Doc. no. 19).

Because he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of his case on December 18, 2009. (Doc. no. 7). In those instructions, the Court explained that although the United States Marshal was directed to serve Defendants Young and Garganeous, it was Plaintiff's responsibility to provide sufficient information for the Marshal to identify and locate Defendants to effect service. (Id. at 4-5). Furthermore, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), service must be accomplished within 120 days of the date of the Order. (Id.). Although the United States Marshal was directed to serve Defendants,

Plaintiff was informed that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendants to effect service. (Id. at 4). Importantly, Plaintiff was also informed that any Defendant not timely served within this 120-day period may be dismissed from this action. (Id.).

The Marshal attempted to effect service of process upon Defendant Young, at the address provided by Plaintiff.[1] (See doc. no. 14). However, the process receipt and return indicate that Defendant Young is no longer employed by the Richmond County Sheriff's Office. (See doc. no. 2, p. 2). Therefore, the Marshal was unable to effect service upon this Defendant.

When the 120 days allowed for service had elapsed, and there was no evidence in the record that Defendant Young had been served, the Court directed Plaintiff to show cause why this Defendant should not be dismissed without prejudice for failure to effect service. (Doc. no. 19). More specifically, on April 21, 2010, the Court reminded Plaintiff that he was responsible for determining the appropriate service address for Defendant Young so that he could be located to effect service. (Id.). As such, the Court directed Plaintiff to furnish the Court with Defendant Young's updated address within fourteen (14) days of the date of the Order. If within those 14 days, Plaintiff was unable to determine Defendant Young's updated address, Plaintiff was to notify the Court in writing of his good faith efforts to ascertain the updated address. Additionally, Plaintiff was cautioned that failure to respond to the Order may result in Defendant Young's dismissal without prejudice. See Loc. R. 41.1(b). The 14 days have expired, but Plaintiff has not responded to the Court's Order.

---

[1] Service has been effected on Defendant Garganeous. (Doc. no. 13).

2

Under Fed. R. Civ. P. 4(l), "[i]f service is not waived, the person effecting service shall make proof thereof to the court." The time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As previously explained, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 19, p. 5) (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's utter failure to communicate with the Court regarding his inability to effect service of process upon Defendant Young is indicative of an abandonment of his claim against this Defendant, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon Defendant Young would lead to his dismissal. (See doc. nos. 7, 19). Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the

3

action without prejudice." As previously noted, Plaintiff not only failed to provide the Court with Defendant Young's updated address, but also failed, in direct contravention of the April 21st Order, to notify the Court that he was unable to do so. Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Defendant Young.[2] Therefore, the Court **REPORTS** and **RECOMMENDS** that Defendant Young be **DISMISSED** for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 28 day of May, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Additionally, the Court warned Plaintiff that failure to respond to the Court's April 21st Order could also result in a recommendation of dismissal pursuant to Local Rule 41.1(b). (Doc. no. 19, p. 6).

4