IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

2010 NOV 23 PM 12: 16

CLER...
...OF GA.

BILLY N. HAMMOCK,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )     CV 109-136
                                     )
FNU GARGANEOUS,                      )
                                     )
            Defendant.               )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at the Augusta-Richmond County Law Enforcement

Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. §

1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The case is currently

before the Court on Defendant's Motion to Dismiss (doc. no. 33) and Plaintiff's Motion to

Voluntarily Dismiss Without Prejudice (doc. no. 49). Plaintiff has filed a response to

Defendant's motion (doc. no. 42), and Defendant opposes Plaintiff's motion, arguing that the

Court should not allow dismissal without prejudice (doc. no. 50).

## I.      BACKGROUND

Plaintiff filed his Complaint on October 30, 2009, alleging that Defendant and

another officer inflicted injuries on him at the Augusta-Richmond County Law Enforcement

Center in February of 2008. (See doc. no. 1.) The Court granted Plaintiff's request to

proceed IFP (doc. no. 4)[1] and screened Plaintiff's Complaint as required under 28 U.S.C. §

1915(e) & 1915A, allowing him to proceed against Defendant with an Eighth Amendment

claim for excessive force.[2] (Doc. no. 7.) On March 12, 2010, Defendant filed his Answer

to Plaintiff's Complaint. (Doc. no. 15.) During discovery, Defendant filed a Motion to

Compel because of Plaintiff's failure to respond to any of Defendant's discovery requests.

(Doc. no. 26.) The Court granted Defendant's Motion to Compel and ordered Plaintiff to

respond to Defendant's discovery requests. (Doc. no. 30.) Based on his successful Motion

to Compel, Defendant requested, and was granted, $150 in expenses related to the

preparation of his Motion to Compel. (Doc. nos. 32, 39.) Defendant has filed a notification

informing the Court that, as of October 19, 2010, Plaintiff has neither responded to

Defendant's discovery requests nor paid the $150 in expenses awarded to Defendant. (Doc.

no. 44.)

The Court also notes that throughout this case, Plaintiff has made a habit of

addressing documents to the Court to solicit legal advice and to inform the Court of events

that have occurred subsequent to the commencement of this case. Initially, this took the form

of a letter writing campaign. (See doc. no. 7, p. 8 & Ex. A.) After the Court informed him

---

[1] The Court revoked Plaintiff's original leave to proceed IFP when he was released from incarceration, but granted his renewed motion to proceed IFP. (Doc. no. 19.) Plaintiff was later reincarcerated. (Doc. no. 29.)

[2] During the screening process, the Court recommended, and the District Court agreed, that another defendant named in the Complaint – Sheriff Ronald Strength – should be dismissed because of Plaintiff's failure to allege any wrongdoing on Sheriff Strength's part. (Doc. nos. 8, 20.) While the Court initially allowed Plaintiff's claim to proceed against the other officer allegedly involved in causing Plaintiff's injuries, that officer was later dismissed from the case for failure to effect service. (Doc. nos. 24, 31.)

that such letters were improper, he began to submit documents that were styled as motions, but were in fact a continuation of his practice of soliciting legal advice from the Court and apprising the Court of events that occurred after he had filed his case. (See doc. nos. 12, 19, 36, 41.) None of these documents have been properly served on Defendant.

With this background in mind, the Court turns to the parties' respective motions to dismiss.[3]

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant maintains that dismissal with prejudice is appropriate because of Plaintiff's failure to obey the Court's Order granting Defendant's Motion to Compel and directing Plaintiff to respond to Defendant's discovery requests. (Doc. no. 33.) Though Plaintiff filed a response, it does not address Defendant's arguments for dismissing Plaintiff's case. (See doc. no. 42.)

Fed. R. Civ. P. 37(b)(2) authorizes courts to impose sanctions, including dismissal, "if a party . . . fails to obey an order to provide or permit discovery . . . ." Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is

---

[3]In a simultaneously issued Order, the Court has addressed various other motions filed by Plaintiff.

not favored." Id.; see also Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a lost resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard of those orders.").

Here, Plaintiff's refusal to respond to Defendant's discovery requests, despite the Court's instruction to do so, amounts to a willful failure to obey the Court's order that he provide discovery. This conclusion is bolstered by the fact that Plaintiff persists in filing superfluous documents despite the Court's admonitions, yet has manifested no intention to comply with the Court's instruction to fulfill his discovery obligations. Furthermore, because Plaintiff is proceeding IFP, and because he has failed to comply with the Court's previous instruction to pay Defendant's attorney's fees (see doc no. 39), the Court finds that the imposition of monetary sanctions is not feasible.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Cf. Phipps, 8 F.3d at 790. Accordingly, Defendant's Motion to Dismiss should be **GRANTED IN PART**, and Plaintiff's case should be **DISMISSED** without prejudice.[4]

---

[4]In his response to Plaintiff's Motion to Dismiss, Defendant urges that dismissal with prejudice is also warranted under Fed. R. Civ. P. 41(b). (Doc. no. 50.) Dismissal for failure to prosecute or to obey a court order is appropriate under Rule 41(b) when there is a "clear

4

In addition, should the District Court accept this Court's recommendations, Plaintiff should be aware that he cannot avoid the payment of expenses awarded to Defendant simply by bringing a new civil action. Accordingly, Plaintiff should not be permitted to file a new lawsuit against Defendant regarding the events at issue in this case unless and until he has paid Defendant the sum of $150.00 awarded in the Court's September 30, 2010 Order.

### B. Plaintiff's Motion to Dismiss

In light of the Court's recommendation that Plaintiff's case be dismissed without prejudice pursuant to Fed. R. Civ. P. 37, Plaintiff's request to voluntarily dismiss his case without prejudice (doc. no. 49) should be **DENIED AS MOOT**.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's Motion to Dismiss (doc. no. 33) be **GRANTED IN PART**, and that Plaintiff's Motion to Dismiss (doc. no. 49) be **DENIED AS MOOT**. The Court further **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice, and that this civil action be **CLOSED**. In addition, the Court **RECOMMENDS** that Plaintiff should not be permitted to file a new lawsuit against Defendant regarding the events at issue in this case unless and until he has paid Defendant the sum of $150.00 awarded in the Court's September

---

record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). For the reasons set forth above, the Court agrees that dismissal of Plaintiff's case pursuant to Fed. R. Civ. P. 41(b) would be appropriate. However, as with Rule 37, "[d]ismissal of a case with prejudice [under Rule 41(b)] is considered a sanction of last resort, applicable only in extreme circumstances." Id. Because the circumstances of this case do not rise to that level, the Court finds that application of a Rule 41(b) analysis would lead to the same conclusion as reached above under Rule 37 – that Plaintiff's case should be dismissed without prejudice.

30, 2010 Order.

SO REPORTED and RECOMMENDED on this 13 day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE